# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2011

Lyle W. Cayce
Clerk

No. 09-51012
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENE DURST SELF,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-66-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eugene Durst Self was convicted by a jury of conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack) and possession with intent to distribute cocaine base (crack).  Based upon a sentencing enhancement for prior drug felony convictions, Self was sentenced to life imprisonment as to the conspiracy conviction and to 188 months of imprisonment as to the possession with intent to distribute conviction.  Self now appeals his convictions and sentences before this court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Self contends that there was insufficient evidence to convict him on any of the above charges. Because Self moved for a judgment of acquittal at the close of the case, he has preserved his sufficiency claim for appellate review. *See United States v. Ferguson,* 211 F.3d 878, 882 (5th Cir. 2000). Accordingly, this court reviews to determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005). This court does "not evaluate the weight of the evidence or the credibility of the witnesses, but view[s] the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001).

As to his conspiracy conviction, Self contends that there was insufficient evidence "to show the existence of an agreement with respect to the distribution of cocaine base." To establish a conspiracy to distribute a controlled substance, the Government must prove beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006). Evidence that Self "fronted" crack cocaine to members of Kinfolk Records, "is 'strong evidence' of membership in a conspiracy because it indicates a strong level of trust and an ongoing, mutually dependent relationship." *See United States v. Posada-Rios*, 158 F.3d 832, 860 (5th Cir. 1998). There was also evidence that Self and members of Kinfolk Records were involved in the distribution of crack cocaine because "[b]asically that's how [they] all survived." Viewing this evidence in the light most favorable to the jury's verdict, there was sufficient evidence to find that Self agreed to participate in a conspiracy to distribute crack cocaine. *See Lopez-Moreno,* 420 F.3d at 437-38.

As to his possession with intent to distribute charge, Self argues "that the evidence equally gives rise to the inference that the passenger[, Camon Collins,]

in the car was the actual dealer and he possessed the cocaine." To establish the offense of possession of a controlled substance with intent to distribute, the Government must prove beyond a reasonable doubt that Self had (1) knowledge, (2) possession of a controlled substance, and (3) an intention to distribute the controlled substance. *See Delgado*, 256 F.3d at 274. Distribution includes acts in furtherance of transfer, sale, or delivery. *United States v. Lechuga*, 888 F.2d 1472, 1478 (5th Cir. 1989).

At trial, both Alicia Robinson and Angela Medrano testified that they called Self and requested him to bring crack cocaine to them at the Motel One on March 16, 2009. When Self arrived at the motel in a red truck, Robinson and Medrano identified Self as the person they called. Further, Self's cell phone records confirmed that there were phone calls between Medrano and Self on the date in question. Upon sight of the officers, Self fled the scene, an indication of guilt. *See United States v. Martinez*, 190 F.3d 673, 678 (5th Cir. 1999). In a recorded jailhouse call made by Self to another individual, Self admitted that the razor found in the truck belonged to him. There was sufficient evidence for a rational jury to conclude that Self went to the Motel One to sell crack cocaine to Robinson and Medrano. *See Delgado*, 256 F.3d at 274.

Self contends that the district court abused its discretion in allowing the Government to introduce evidence of his 2003 and 2004 convictions for possession of crack cocaine under FED. R. EVID. 404(b). A two-part test for the admissibility of 404(b) evidence is set forth in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). First, a court must determine "that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.* This court reviews a district court's admission of 404(b) evidence under an abuse of discretion standard, subject to harmless error analysis. *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007).

As Self acknowledges, his plea of not guilty to the charges placed his intent at issue for purposes of Rule 404(b). *See United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005). Thus, the first prong of the *Beechum* test is satisfied as to the admissibility of these two prior convictions. *See United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996). As for the second part of the *Beechum* test, Self only makes bald assertions that the probative value of the evidence was substantially outweighed by its prejudicial effect. Such assertions do not show an abuse of discretion on the part of the district court. *See United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994). In addition, this court has previously found that the probative value of prior drug convictions is not substantially outweighed by unfair prejudice in a conspiracy case. *See, e.g., United States v. Booker*, 334 F.3d 406, 411-12 (5th Cir. 2003); *Broussard*, 80 F.3d at 1040; *United States v. Harris*, 932 F.2d 1529, 1534 (5th Cir. 1991). Thus, the probative value of the prior convictions to refute Self's defense that he was not involved in a conspiracy to distribute crack cocaine nor possessed crack cocaine with the intent to distribute outweighed any prejudicial effect, which was minimized by the district court's limiting instructions. *See Booker*, 334 F.3d at 412.

Self's challenge to the district court's decision to allow the Government to introduce evidence of his 2009 arrest for cocaine also fails. The Government's evidence of the February 2009 arrest was not only "inextricably intertwined with the possession with intent to distribute charge, which Self acknowledges, but also the conspiracy charge since it helped demonstrate the objectives of the conspiracy, i.e., to distribute crack cocaine. *See United States v. Rice*, 607 F.3d 133, 141 (5th Cir.), *cert. denied*, 131 S. Ct. 356 (2010); *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992). As such, the district court did not abuse its discretion in admitting the 2009 cocaine arrest as intrinsic evidence.

At trial, the Government played tapes of recorded conversations that Self had with other people while incarcerated prior to trial. Most of these tapes were

introduced during the testimony of Agent Mitch Russell, an investigator with the City of Midland Police Department who was assigned the DEA task force at the time of trial. Agent Russell interpreted the "coded language" used in the phone calls made by Self. On appeal, Self acknowledges that the tape recorded conversations were relevant. However, he contends that the introduction of only "snippets of the conversations were misleading and unfairly prejudicial" under FED. R. EVID. 403. Self's argument to this issue, which consists of only two paragraphs, is conclusory. He does not explain on appeal how the portions of the tapes that were played were misleading and prejudicial to the jury. As such, he has failed to show that the district court abused its discretion under Rule 403 in admitting the evidence. *See Bermea*, 30 F.3d at 1562.

As to these tapes, Self also contends that the district court abused its discretion in not allowing him to introduce portions of the recorded jailhouse phone conversations where he discusses his religious views, makes exculpatory statements as to the drugs found in his truck, discusses the birth of his child, and his desire to hire an attorney and investigator. As the Government argues, these statements Self sought to introduce were not "necessary to qualify, explain, or place into context the portion already introduced." *See United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996); FED. R. EVID. 106. Thus, the district court did not abuse its discretion in excluding the portions of the conversations that Self sought to introduce. *See United States v. Burns*, 162 F.3d 840, 852 (5th Cir. 1998).

Self further contends that the district court abused its discretion in allowing Agent Russell, an expert in narcotics trafficking, to testify to the meaning of the slang/coded language used in the recorded jailhouse phone conversations. Agent Russell's testimony, however, was helpful in assisting the jury to understand the recorded conversations. It is unlikely that, without it, the average juror would have known the meaning of the slang used by Self during the conversations. *See United States v. Griffith*, 118 F.3d 318, 323 (5th Cir.

1997).  Agent Russell's training and experience in drug investigations, including his investigations involving the use of code words/slang by drug traffickers, established that he was qualified to testify as an expert in this specialized area. *See United States v. Buchanan*, 70 F.3d at 818, 832 (5th Cir. 1996); FED. R. EVID. 702.  Accordingly, the admission of Agent Russell's testimony was not an abuse of discretion.  *See Griffith*, 118 F.3d at 323-24.

Self also challenges the district court's denial of his motion to suppress the contents of his iPhone.  On appeal from a ruling on a motion to suppress, the district court's factual determinations are reviewed for clear error and its legal conclusions are reviewed de novo.  *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003).  Evidence at the suppression hearing indicated that Self fled from the scene, thereby voluntarily abandoning the truck and its contents. Thus, because Self no longer had an expectation of privacy regarding the phone, which was in the truck, he lacked standing to challenge the subsequent search and seizure of the phone by authorities.  *See United States v. Edwards,* 441 *F*.2d 749, 751 (5th Cir. 1971)*; United States v. Barlow*, 17 F.3d 85, 88 (5th Cir. 1994). Accordingly, the district court did not err in denying Self's motion to suppress evidence.

The district court did not err in denying Self points for acceptance of responsibility.  Self acknowledges that he went to trial and put the Government to its burden of proof.  See *id*.; *see also* U.S.S.G. § 3E1.1, comment. (n.2).  Self states that he "merely" asserts this argument "in case the sentence for conspiracy is reversed."  Because there is no ground to reverse Self's conviction for conspiracy, his argument is meritless.  Because Self asserts no other basis for challenging the district court's decision denying him points for acceptance of responsibility, he has abandoned any further argument challenging the issue on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 225 (1993).

Accordingly, the judgment of the district court is AFFIRMED.